```
           IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS
```

**BRADLEY WAYNE COLSON,**

                            **Plaintiff,**

         **v.**                                                            CASE NO. 10-3261-SAC

**CORRECT CARE SOLUTIONS, et al.,**

                            **Defendants.**

**O R D E R**

This matter comes before the court on a civil complaint captioned as seeking relief under 42 U.S.C. § 1983 on allegations related to plaintiff's confinement in the Hutchinson Correctional Facility.[1] Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915, which the court grants.[2]

Having reviewed plaintiff's allegations, the court finds a response to the complaint is required, and that proper and judicial processing of plaintiff's claims cannot be achieved without additional information from appropriate officials of the Department

---

[1] In his complaint, plaintiff additionally seeks relief on state tort claims, and for alleged violations of the Americans with Disabilities Act.

[2] Because it appears plaintiff filed this action while on parole, he is not a "prisoner" as defined by 28 U.S.C. § 1915(h), and thus not subject to the fee obligation imposed by 28 U.S.C. § 1915(b) on a prisoner filing a civil action or appeal.
    The court notes plaintiff's pending civil action, *Colson v. Shepler, et al.*, Case No. 10-4153-RDR, in which plaintiff was granted leave to proceed in forma pauperis. That case does not appear to involve the same claims or defendants presented in the instant complaint.

of Corrections of the State of Kansas.  *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir.1978).  *See also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir.1991).

IT IS THEREFORE ORDERED that:

(1)  Plaintiff's motion for leave to proceed in forma pauperis (Doc. 4) is granted.

(2)  The clerk of the court shall prepare waiver of service of summons forms for all defendants to be served by a United States Marshal or a Deputy Marshal at no cost to plaintiff absent a finding by the court that plaintiff is able to pay such costs.  The report required herein shall be filed no later than sixty (60) days from the date of this order.  The answer shall be filed within twenty (20) days following the filing of that report, or by the date an answer is required under Rule 4, whichever date is later.

(3)  Officials responsible for the operation of the Hutchinson Correctional Facility are directed to undertake a review of the subject matter of the complaint:

(a)  to ascertain the facts and circumstances;

(b)  to consider whether any action can and should be taken by the institution to resolve the subject matter of the complaint;

(c)  to determine whether other like complaints, whether pending in this court or elsewhere, are related to this complaint and should be considered together.

(4)  Upon completion of the review, a written report shall be compiled and submitted to the court.  Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents and, wherever appropriate, the reports of medical

or psychiatric examinations shall be included in the written report.

(5) Authorization is granted to the officials of the Kansas Department of Corrections to interview all witnesses having knowledge of the facts, including the plaintiff.

(6) No answer or motion addressed to the complaint shall be filed without leave of the court until the *Martinez* report has been filed.

(7) Discovery by plaintiff shall not commence until plaintiff has received and reviewed defendants' answer or response to the complaint and the *Martinez* report requested herein. This action is exempted from the requirements imposed under Fed.R.Civ.P. 26(a) and 26(f).

(8) The clerk of the court shall transmit copies of this order to the parties, to the Secretary of Corrections of Kansas, and to the Attorney General of the State of Kansas.

IT IS FURTHER ORDERED the clerk of the court shall enter the Kansas Department of Corrections as an interested party on the docket for the limited purpose of preparing and filing the *Martinez* report ordered herein. Upon the filing of that report, the Department of Corrections may move for termination from this action.

**IT IS SO ORDERED.**

DATED: This 10th day of August 2011 at Topeka, Kansas.


                                             s/ Sam A. Crow
                                             SAM A. CROW
                                             U.S. Senior District Judge